UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

INNOVATIVE GENETICS, LLC,
a Florida limited liability company,

        Plaintiff,

v.

FLAVOCURE BIOTECH, LLC,
a Maryland limited liability company,

        Defendant.
_____/

## COMPLAINT

Plaintiff, INNOVATIVE GENETICS, LLC ("Innovative Genetics" or "Plaintiff"), hereby sues Defendant, FLAVOCURE BIOTECH, LLC ("Flavocure" or "Defendant"), and states as follows:

## THE PARTIES

1. Plaintiff Innovative Genetics is a Florida limited liability company with its principal place of business located at 1300 Washington Avenue, Suite 991, Miami Beach, Florida, 33139.

2. Defendant Flavocure is a Maryland limited liability company with its principal place of business located at 701 East Pratt Street, Suite 2033, Baltimore, Maryland, 21202.

## JURISDICTION AND VENUE

3. The Court's jurisdiction over the subject matter is founded on 28 U.S.C. 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds

Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this Court pursuant to Section 7.7.1 of the Investment Agreement dated as of April 20, 2018 (the "Investment Agreement") that is at issue in this lawsuit, which states that Innovative Genetics and Flavocure:

> [I]rrevocably submit to the exclusive jurisdiction of any Florida state court or federal court sitting in Miami-Dade County, Florida, and any court having jurisdiction over appeals of matters heard in such courts, for purpose of any suit, action or other proceeding arising out of or based upon any Document or the subject matter hereof or thereof.

A true and correct copy of the Investment Agreement is attached hereto as **Exhibit A**.[1] Section 7.9 of the Investment Agreement provides that the Investment Agreement "shall be governed by and construed in accordance with the laws of the State of Delaware."

## GENERAL ALLEGATIONS

5. Innovative Genetics is a technology company engaged in the research and development of new products, including but not limited to, pharmaceuticals and medical devices for distribution around the world.

6. Flavocure is a drug discovery and development biotech company that has discovered, among other things, eleven small molecules for cancer treatment, resulting in at least two patents.

7. On April 20, 2018, Innovative Genetics and Flavocure each executed the Investment Agreement wherein Flavocure agreed to sell to Innovative Genetics and Innovative Genetics agreed to purchase from Flavocure a total of 22% of Flavocure's membership interests

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Investment Agreement.

through various tranches each payable upon the completion of certain milestones. *See* Ex. A. at Recitals, Art. II and Schedules 2.1 – 2.5.

8. At the time the parties executed the Investment Agreement, Flavocure had three (3) pending patent applications:

    a. Patent No. PCT/US2015/O62331, filed November 24, 2015;

    b. Patent No. PCT/US16/66343, filed December 13, 2016; and

    c. Patent No. US15/567,118, FILED OCTOBER 17, 2017.

Each of the pending applications described the invention as "[t]herapeutic agents containing Cannabis Flavonoid derivatives targeting kinases, sirtuins and oncogenic agents of the treatment of cancers" (collectively, the "Intellectual Property"). Two patents were subsequently approved for Defendant on September 3, 2019 (Patent No.: 10,398,674) and on August 5, 2020 (Patent No.: 10,751.320).

9. The Investment Agreement structured the purchase to take place over the span of four milestone closing events, and one "Initial Closing Date," wherein Innovative Genetics would tender varying amounts of payment for varying amounts of Membership Interests of Flavocure. *See* Ex. A at Article II and at Schedules 2.1 through 2.5.

*Closing Conditions Necessary for Initial Investment*

10. Section 3.1 of the Investment Agreement sets forth the conditions Defendant needed to satisfy before Innovative Genetics made the Initial Investment of $280,000. Once Defendant satisfied all of the conditions set forth in Section 3.1 of the Investment Agreement, the Initial Closing Date would occur seven (7) days after such satisfaction ***in the sole discretion of [Innovative Genetics]***." *See* Ex. A at Appendix I (emphasis added). Accordingly, at all material

times following the execution of the Investment Agreement, Innovative Genetics possessed unilateral authority to determine whether Flavocure had satisfied the "Closing Conditions."

11.     In addition, Section 2.1.1 of the Investment Agreement required Defendant to amend and restate its operating agreement to include the proposed language in the Investment Agreement for an Additional Voting Interest for the benefit of Innovative Genetics to be agreed to by the parties prior to the Initial Closing Date, subject to Section 3.7 of the Investment Agreement. *See* Ex. A.

*Defendant Failed to Satisfy the Closing Conditions for the Initial Investment*

12.     On or about May 2, 2018, Flavocure sent to Innovative Genetics only a handful of documents required for the Initial Investment. The documents did not include the written consent required by Sections 3.1.1.2 and 3.1.1.4 of the Investment Agreement. Importantly, the documents also did not include the amended and restated operating agreement adding the Additional Voting Interest language required by Section 2.1.1 of the Investment Agreement.

13.     On May 9, 2018, Innovative Genetics notified Defendant that documents, including the amended and restated operating agreement, were missing. In response to Innovative Genetics' request, Defendant provided a draft amended and restated operating agreement, but it did not include the important language relating to the Additional Voting Interest required by Section 2.1.1 of the Investment Agreement.

14.     Various drafts of the amended and restated operating agreement were subsequently exchanged none of which were acceptable to Innovative Genetics, and on July 20, 2018, Defendant notified Innovative Genetics pursuant to Section 3.7 of the Investment Agreement that Innovative Genetics had to pay the Initial Investment on or before July 30, 2018 or accept ***new*** conditions for Innovative Genetics to close on the transaction.

15. Although Section 3.7 of the Investment Agreement clearly did not allow Defendant to terminate the Investment Agreement, but only to "suspend the Additional Voting Interest so that the new Investor's voting right shall be equal to its actual Percentage Interest in the Company," Defendant threatened to terminate the Investment Agreement if Innovative Genetics did not agree to the new terms by August 10, 2018.

16. In response, Plaintiff notified Defendant in writing on July 27, 2018 that Defendant had not satisfied the conditions for the Initial Investment because it failed to comply with Sections 2.1.1, 3.1.1.2 and 3.1.1.4 of the Investment Agreement. Importantly, Innovative Genetics confirmed to Defendant its "intent of moving the transaction to closing" and requested the necessary documents. A true and correct copy of the July 27, 2018 letter is attached hereto as **Exhibit B**.

17. On July 31, 2018, Defendant replied by saying that Defendant would only proceed with its obligations under the Investment Agreement if Innovative Genetics agreed to the new terms. On August 1, 2018, Innovative Genetics responded that Defendant had still not satisfied the conditions necessary for the Initial Investment specified in its July 27, 2018 correspondence (Ex. B) and again confirmed that Innovative Genetics remained ready, willing and able to close the transaction.

18. On August 30, 2018, Innovative Genetics again pleaded with Defendant to provide the required documents necessary to close on the Initial Investment, including now the documents required by Section 3.1.1.3, and confirmed that once the conditions were satisfied, Innovative Genetics would fund the Initial Investment. A true and correct copy of the August 30, 2018 letter is attached hereto as **Exhibit C**.

19. Importantly, Innovative Genetics confirmed that the acceptable language for the amended and restated operating agreement should simply track the language the parties agreed to in Section 2.1.1. of the Investment Agreement. Nonetheless, on September 12, 2018, Defendant rejected using the language the parties previously agreed to in the Investment Agreement.

20. The same confirmation occurred on September 27, 2018 when Innovative Genetics' legal counsel advised Flavocure's legal counsel via letter that:

> Innovative Genetics was prepared to close pursuant to the terms of the [Investment] Agreement. Therefore, I am reaching out to determine if Flavocure intends to move forward pursuant to the terms of the [Investment] Agreement.

A true and correct copy of this September 27, 2018 letter is attached hereto as **Exhibit D**.

21. From May 25, 2018 to September 27, 2018, Innovative Genetics urged Flavocure to honor the Investment Agreement in good faith by (i) providing the missing documents required by Section 3.1 of the Investment Agreement, and (ii) including the language incorporating the "Additional Voting Interest" in Flavocure's amended and restated operating agreement previously agreed to by the parties in Section 2.1.1 of the Investment Agreement.  Unfortunately, Flavocure refused to do so.

22. Indeed, neither Flavocure nor its counsel ever responded to Innovative Genetics' legal counsel's September 27, 2018 letter.

23. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived.

24. Innovative Genetics has retained Holland & Knight LLP to represent it in this action and is obligated to pay Holland & Knight LLP a reasonable fee for its services in bringing this action.

## **COUNT I - BREACH OF CONTRACT**

Innovative Genetics hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

25. Section 3.1 of the Investment Agreement expressly conditioned the obligation of Innovative Genetics to make the Initial Investment on Defendant first satisfying the conditions of Section 3.1 "in the sole discretion" of Innovative Genetics. *See* Ex. A. Appendix I at p. 23.

26. Defendant failed to satisfy all of the conditions contractually necessary pursuant to Section 3.1 of the Investment Agreement to schedule the Initial Closing Date for the Initial Investment.

27. Defendant also failed to provide an amended and restated operating agreement compliant with the requirements of Section 2.1.1 of the Investment Agreement in material breach of the Investment Agreement.  The Investment Agreement clearly mandated that the Additional Voting Rights as defined and set forth in Section 2.1.1 of the Investment Agreement:

> [S]hall be set forth in [Flavocure's] amended and restated operating agreement in a form as agreed to buy [sic] the Parties and to be prior the Initial Closing Date.

The determination of whether the amended and restated operating agreement was satisfactory for the Initial Closing Date required the agreement of Innovative Genetics.

28. Defendant, however, failed to provide an amended and restated operating agreement compliant with the requirements of Section 2.1.1 of the Investment Agreement in further material breach of the Investment Agreement.

29. As a direct and proximate result of Defendant's multiple breaches of the Investment Agreement, Innovative Genetics has suffered damages.

WHEREFORE, Plaintiff, Innovative Genetics, LLC, seeks a judgment against Defendant, Flavocure Biotech, LLC, for damages, including but not limited to, interest, costs, attorney's fees and such other and further relief as the Court deems just and proper.

## COUNT II - BREACH OF CONTRACT

Innovative Genetics hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

30. On or about October 18, 2018, Defendant formed Flavocure Biotech, ***Inc.*** ("Flavocure Inc."), another Maryland entity. Upon information and belief, Defendant and Flavocure Inc. are related entities sharing business names, a business address and at least one common principal, namely Dr. Ngeh J. Toyang.

31. On or about November 6, 2018, the media reported that Atlas Biotechnologies, Inc. purchased 20% of Flavocure Inc. for $7.5 million. The media also reported that Flavocure Inc. had two patents pending which were described as the same Intellectual Property which Defendant purportedly owned at the time the parties executed the Investment Agreement, namely "two therapeutic molecules which use cannabis flavonoid derivatives in the treatment of three aggressive forms of cancer . . .."

32. Surprised by this discovery, Innovative Genetics, on February 6, 2019, sent Defendant a Notice of Default because it rightfully believed that Defendant formed Flavocure Inc. to enter into an agreement with another investor purporting to exploit the same Intellectual Property governed by the Investment Agreement, thereby breaching Sections 5.8 and 5.10 of the Investment Agreement. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**.

33. Defendant materially breached the Investment Agreement when it allowed a related entity to entered into an agreement with Atlas Biotechnologies, Inc. to exploit the same Intellectual Property governed by the Investment Agreement.

34. As a direct and proximate result of Defendant's multiple breaches of the Investment Agreement, Innovative Genetics has suffered damages.

WHEREFORE, Plaintiff, Innovative Genetics, LLC, seeks a judgment against Defendant, Flavocure Biotech, LLC, for damages, including but not limited to, interest, costs, attorney's fees and such other and further relief as the Court deems just and proper.

Dated: April 15, 2021

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Plaintiff*
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: */s/ Eduardo A. Ramos*
Eduardo A. Ramos (FBN 0189944)
Email: eduardo.ramos@hklaw.com
Alec M. Puig (FBN 1003509)
Email: alec.puig@hklaw.com